**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ No. 030204)
Christopher J. Bendau (AZ No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

**THE LAW OFFICES OF SIMON & SIMON**
James L. Simon (*Pro Hac Vice Forthcoming*)
5000 Rockside Road, Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Fax: (216) 642-5814
Email: james@bswages.com

**CARLSON LYNCH LLP**
Gary F. Lynch (*Pro Hac Vice Forthcoming*)
Edward W. Ciolko (*Pro Hac Vice Forthcoming*)
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com
        eciolko@carlsonlynch.com

*Counsel for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### PHOENIX DIVISION

BROCK DOEMEL *on behalf of himself and*      )
*all others similarly situated*                )      Case No.
                                               )
                            PLAINTIFF,          )
                                               )
V.                                             )      **CLASS ACTION**
                                               )      **COMPLAINT**
THE ARIZONA BOARD OF REGENTS                   )
                                               )      **JURY TRIAL DEMANDED**
                            DEFENDANT.         )
                                               )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CLASS ACTION COMPLAINT

Plaintiff, Brock Doemel ("Plaintiff"), by and through his undersigned counsel, brings this class action against Defendant, the Arizona Board of Regents (the "Regents" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all persons who paid tuition, housing, dining, and/or fees to attend one of the Universities overseen by Regents, specifically, the Northern Arizona University, Arizona State University, and the University of Arizona (collectively, the "Universities") for an in-person, hands-on education for the Spring 2020 semester, Summer 2020 semester, and any future semester where their course work moved to online learning. Such persons paid all or part of the tuition for this semester, housing and dining fees, and mandatory fees that varied widely by university and campus (collectively the "Mandatory Fees").

2.      The Universities have not refunded any amount of the tuition or any portion of the Mandatory Fees, even though it has implemented online distance learning since mid-March 2020.

3.      Because of the Regents response to the Coronavirus Disease 2019 ("COVID-19") pandemic, by mid-March, the Universities ceased or severely limited any of the services or facilities the Mandatory Fees were intended to cover.

4.      As a result, the Universities unlawfully seized and are in possession of property (funds) of the Plaintiff and Class members in the form of paid tuition, housing, dining, and Mandatory Fees.

5.      The Universities failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately mid-March is a breach of the contracts between the Universities and Plaintiff and the members of the Class, and is unjust.

6.      Other than a non-proportional refund credit offered by the University of Arizona and Northern Arizona University, the Universities have not provided refunds to students for housing even though the Universities strongly encouraged students to leave campus in mid-March.

7.      Other than a non-proportional refund credit offered by Northern Arizona University, the Universities have not provided refunds to students for dining even though the Universities strongly encouraged students to leave campus in mid-March.

8.      In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient

3

alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the Universities.  As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.*'"[1]

9.      As to housing and dining, Plaintiff and the members of the Class have paid for on-campus housing and dining options but were strongly encouraged to leave campus and move out of university housing, leaving the meal plans useless. This failure to provide dining constitutes a breach of the contracts entered into by Plaintiff and the Class with the Universities.

10.      As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the Universities.

11.      Plaintiff seeks, for himself and Class members, the Universities' disgorgement and/or appropriate compensatory damages in return of the pro-rated portion of its tuition, housing, dining, and Mandatory Fees, proportionate to the amount of time that remained in the Spring semester 2020, Summer semester 2020, and any future semesters when the Universities switched to online distance learning, strongly encouraged students to leave campus, and closed or ceased access to facilities and services.

---

[1] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

## PROCEDURE

12.     Prior to bringing this action, on June 9, 2020, Plaintiff served a Notice of Claim to the Regents on behalf of himself and the Class as defined herein pursuant to Arizona Revised Statutes §12-821.01. A copy of the Notice of Claim is attached hereto as **Exhibit A.**

13.     Plaintiff fully expects Defendant to reject the claims set forth in the Notice of Claim, which rejection allows the claims herein to be adjudicated by this Court.  For example, Plaintiff notes that is was reported as early as March 12, 2020 that, in response to a media inquiry regarding the potential refund of part or all of tuition payments paid for the Spring semester, an Arizona State University spokesperson responded "no, tuition would not be refunded because the university has continued to operate at 'full capacity delivered in a different mode.'"[2]

14.     Plaintiff's counsel has also sent a Freedom of Information Act (FOIA) requests to the Regents and each of the three individual Universities in order to, *inter alia*, gain access to the internal communications regarding issuing potential refunds and reimbursements to the students, and the ultimate denial of same. If any information received proves directly relevant, which Plaintiff fully expects, Plaintiff shall amend the Complaint to incorporate same.

---

[2] https://www.azfamily.com/news/continuing_coverage/coronavirus_coverage/asu-says-no-refunds-will-be-given-for-tuition/article_19b23cec-6a1e-11ea-a6dc-133dffa5257a.html (site last visited on June 17, 2020).

## PARTIES

15.     Plaintiff Brock Doemel is a citizen of Wisconsin. He paid to attend the Spring 2020 semester at Arizona State University as a full-time undergraduate student.

16.     Plaintiff paid tuition, housing, dining, and the Mandatory Fees for the Spring 2020 semester to enable him to obtain an in-person, on-campus educational experience, to have on-campus housing and dining options, and enable him to participate in the activities and to utilize the services covered by the Mandatory Fees that he paid.

17.     He has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, any of his dining fees, or any of the Mandatory Fees he paid after Arizona State University's facilities were closed or access was severally limited and events were cancelled.

18.     Arizona State University has stated that they will provide Plaintiff with $1,500 credit to his Bursar account as a partial refund for housing, but as of the date of this Complaint, has not done so.

19.     The Universities are governed by the Arizona Board of Regents, established under Article XI, Section 5 of the Arizona State Constitution.

20.     According to Arizona Revised Statutes § 15-1625, the Arizona Board of Regents is a corporate body that can sue and be sued.

21.     The Universities offer numerous major fields for undergraduate students, as well as a number of graduate programs. The Universities' programs include students from many, if not all, of the states in the country.

22.     The Regents have its principal place of business in Phoenix, Arizona. Defendant is a resident of Arizona.

## JURISDICTION AND VENUE

23.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

24.     This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS.

26.     Plaintiff and Class Members have paid, or will pay, tuition, housing, dining, and the Mandatory Fees to attend the Universities Spring 2020 semester, Summer 2020 semester, and any future semester where in-person education is not provided.

27.     The Spring 2020 semester at Arizona State University began on or about January 13, 2020 and ended on or around May 9, 2020. The Summer 2020 semester began on or about May 18, 2020 and is scheduled to end on or about August 11, 2020.

28.     The Spring 2020 semester at Northern Arizona University began on or about January 13, 2020 and ended on or around May 11, 2020. The Summer 2020 semester began on or about May 18, 2020 and is scheduled to end on or about August 4, 2020.

29.     The Spring 2020 semester at the University of Arizona began on or about January 15, 2020 and ended on or around May 14, 2020. The Summer 2020 semester began on or about May 18, 2020 and is scheduled to end on or about August 21, 2020.

30.     Tuition costs at Arizona State University for the Spring 2020 Semester for a full-time undergraduate student ranged from $765 per credit hour up to a maximum of $5,355 for Arizona residents, and approximately $1,200 per credit hour up to a maximum of $14,400 for non-residents.[3] Tuition costs for graduate students were approximately $837 per credit hour for residents, and approximately $1,308 per credit hour for non-residents.

31.     Tuition costs at Arizona State University for the Spring 2020 semester for a full-time undergraduate student enrolled in online classes were approximately $530 per credit hour regardless of residency.[4] Tuition costs for graduate students online were approximately $532 per credit hour.

32.     Tuition costs at Arizona State University for the Summer 2020 semester for undergraduate students were approximately $446 per credit hour for Arizona residents to $781 per credit hour for non-residents.  Tuition costs for graduate students ranged from $651 per credit hour for residents, and $1,139 per credit hour for non-residents.

33.     Tuition costs at Arizona State University for the Summer 2020 semester for students enrolled online were approximately $530 per credit hour for undergraduate students, and $532 per credit hour for graduate students regardless of residency.

---

[3] https://catalog.asu.edu/tuitionandfees/spring20undergraddegreeprogallcampusnonresident
[4] https://students.asu.edu/tuition

34.     The Mandatory Fees at Arizona State University were approximately $156 to $314, depending on the number of credit hours.[5] The Mandatory Fees included: Health and Wellness fee, Student Athletics fee, Student Programs fee, Student Services Facility fee and Recreation fee.

35.     The Mandatory Fees at Arizona State University for students enrolled online in the Spring 2020 semester were approximately $77 to $104 depending on the number of credit hours.[6]

36.     Tuition costs at Northern Arizona University for the Spring 2020 Semester for a full-time undergraduate student are approximately $5,325 for Arizona residents and approximately $12,635 for non-resident.[7] Tuition costs were approximately $5,240 for a resident graduate student and approximately $12,242 for a non-resident graduate student.

37.     Tuition costs at Northern Arizona University for the Spring 2020 semester for a full-time undergraduate student enrolled online were approximate $5,220, regardless of residency.[8]

38.     Tuition costs at Northern Arizona University for the Summer 2020 semester for an undergraduate student is approximately $450 per credit hour for on-campus classes, and $435 per credit hour for those enrolled in the online program.[9] Tuition costs for

---

[5] *Id.*
[6] *Id.*
[7] https://nau.edu/admission/tuition-estimator/
[8] *Id.*
[9] https://in.nau.edu/sdas/summer-tuition/

graduate students are approximately $520 per credit hour for on-campus classes, and $575 per credit hour for those enrolled in the online program.

39.     Mandatory Fees at Northern Arizona University were approximately $623. The Mandatory Fees included: Health and Recreation Fee, Financial Aid Trust Fee, Information Technology Fee, Student Activity Fee, Green Fee, ASNAU Fee, Athletics Fee, Student Health Insurance, International Student Health Insurance, Program Fees, Transportation Fees, GSG Fee, Special Class Fees, and Graduate Matriculation Fee. [10]

40.     Mandatory Fees at Northern Arizona University were approximately $207 for students enrolled in online courses during the Spring 2020 semester.[11]

41.     Tuition costs at University of Arizona for the Spring 2020 semester for a full-time undergraduate student ranged from approximately $807 per credit hour for Arizona residents and approximately $1,472 per credit hour for non-residents.[12] For graduate students, tuition ranged from approximately $853 per credit hour for residents, and $1,791 per credit hour for non-residents.

42.     Tuition costs at University of Arizona for the Spring 2020 semester for a full-time undergraduate student enrolled in online classes were approximately $560 per credit hour regardless of residency.[13]

---

[10] *Id.*
[11] *Id.*
[12] https://financialaid.arizona.edu/cost/incoming
[13] https://tuitioncalculator.fso.arizona.edu/#/?preview=false

43.     Tuition costs at University of Arizona for the Summer 2020 semester for an undergraduate student were approximately $458 per credit hour, and approximately $498 for graduate students.[14]

44.     Mandatory Fees at the University of Arizona were approximately $126.21 per credit hour.[15] Mandatory Fees included: Arizona Financial Aid Trust Fee, Athletics Fee, Freshman Fee, Health & Recreation Fee, Information Technology/Library Fee, Recreation Center Bond Retirement Fee, Recreation Center Program Fee, Student Media Fee, Student Services Fee, and Wildcat Event Board Fee.[16]

45.     Mandatory Fees at the University of Arizona for students enrolled online ranged from approximately $26.50 to $53.00, depending upon the number of credits.[17]

46.     Plaintiff and the members of the Class paid all or part of the applicable tuition for the benefit of on-campus live interactive instruction and an on campus educational experience throughout the entire semester.

47.     Plaintiff and the members of the Class paid the Mandatory Fees for the semester so they could benefit throughout the semester from all Universities' facilities and services, recreation, athletics, health and wellness programs, and transportation, among many other benefits that the significant fees were paid to cover.

---

[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

48.     Housing costs at Arizona State University ranged from approximately $855 to $9,278, and dining ranged from $1,160 to $3,525.[18]

49.     Housing costs at Northern Arizona University ranged from $2,926 to $3,900[19], and dining ranged from $2,163 to $3,041[20].

50.     Housing costs at the University of Arizona ranged from $2,556 to $5,172[21], and dining ranged from $1,075 to $2,475[22].

51.     Plaintiff and the members of the Class who lived on campus during the Spring 2020 semester paid the applicable fees for the benefit of on-campus housing and dining throughout the entire semester.

52.     The Universities have retained the value of the tuition, housing, dining, and Mandatory Fees, while failing to provide the services for which they were paid.

53.     Members of the Class have demanded the return of the prorated portion of tuition, housing, dining, and Mandatory Fees, and have taken to an online petition to demand the same.[23]

54.     Despite the demand from members of the Class, the Universities have not provided any refund of the tuition or Mandatory Fees, and has only provided a non-proportional refund for housing and dining in some instances, and no refund in others, and continues to retain the monies paid by Plaintiff and the Class.

---

[18] https://housing.asu.edu/housing-resources/housing-rates-and-costs
[19] https://nau.edu/reslife/housing-costs-proposed-housing-rates/
[20] https://in.nau.edu/dining/meal-plans/
[21] https://housing.arizona.edu/sites/default/files/sites/default/files/Rates_2019-2020.pdf
[22] http://union.arizona.edu/mealplans/plans.php#wildcat
[23] https://www.change.org/p/arizona-state-university-asu-covid-19-tution-housing-refund

***In Response to COVID-19, the Universities Closed Campus, Preventing Access to its***
***Facilities and Services, and Cancelled All In-Person Classes***

55.     In response to the COVID-19 pandemic, Arizona State University created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[24]

56.     On March 11, 2020, Arizona State University's President, Michael M. Crow, announced that, although there were no confirmed cases on campus, the university will cease face to face instruction, and starting on March 16, will offer all classes through on online only format for the following two weeks.[25]

57.     On March 13, 2020, Arizona State University Provost, Mark Searle, announced that all events on campus were cancelled for the following 30 days.[26]

58.     On March 16, 2020, Arizona State University announced that it has extended remote online learning throughout the rest of the Spring 2020 semester, and that housing will remain open "*for those who must stay . . . .*"[27]

59.     Arizona State University's website also has a Frequently Asked Questions section.[28] The following information regarding building access can be found on that page:

**What about building access?**

All buildings on all campuses are closed unless special arrangements are made.

---

[24] https://eoss.asu.edu/health/announcements/coronavirus
[25] https://eoss.asu.edu/health/announcements/coronavirus#covid-archive
[26] *Id.*
[27] *Id.*
[28] https://eoss.asu.edu/health/announcements/coronavirus/faqs

60.     Arizona State University has not provided any refund for tuition, housing, dining, or Mandatory Fees.

61.     In response to the COVID-19 pandemic, the University of Arizona created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[29]

62.     On or about March 11, 2020, the University of Arizona President, Robert C. Robbins, sent an email to all students informing them that in-person classes were cancelled, and that classes will be held through remote online format only. The university followed up in an announcement saying that the start of classes after spring break is delayed until March 18, at which point online classes would start and run through April 6.[30] The university ultimately cancelled in-person classes for the remainder of the Spring 2020 semester.

63.     On March 13, 2020, the University of Arizona announced that students who are on campus can stay if needed, but that students "*should not return to campus* . . . ."[31]

64.     Later that day, the University of Arizona announced that there should be no gathering larger than four people, and that all university events are cancelled and postponed.[32]

---

[29] https://www.arizona.edu/coronavirus-covid-19-information
[30] https://provost.arizona.edu/news/2020/03/covid-19-campus-mitigation-plan-online-instruction
[31] https://us3.campaign-archive.com/?e=&u=48d51123515608032d9a65a73&id=274ecce7ff
[32] https://provost.arizona.edu/news/2020/03/covid-19-campus-mitigation-plan-events-meetings-and-gatherings

65.     On March 20, 2020, the University of Arizona announced that it has changed the traditional single letter grading system to a "Pass/Fail" indication for all classes if so chosen by the students.[33]

66.     The University of Arizona allowed students who lived in on-campus housing to receive a 10 percent credit on their Bursar account, or a 20 percent credit towards the next years on-campus housing.[34] The University of Arizona has not provided any refund for tuition, dining, or Mandatory Fees.

67.     In response to the COVID-19 pandemic, Northern Arizona University created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[35]

68.     On March 12, 2020, the Northern Arizona University announced that starting on March 23, all classes will be held through remote online instruction only for at least two weeks.[36] On March 16, 2020, the university announced that the remote online instruction will be provided throughout the remainder of the Spring 2020 semester.[37]

69.     Northern Arizona University announced that it will provide a 25 percent credit based on the cost of housing and dining to those students who moved out prior to April 16, 2020.[38]

---

[33] http://view.comms.arizona.edu/?qs=b8a2db9bd2579cdec7428820353c3406672b30e2eb8d5b7b e9286ab39db50bbb8b505e4d49c52714281d39f2ac86ebf91788056335d7941af3a91d2b232327d0 25d511d7c953446e

[34] https://housing.arizona.edu/ua-news/housing-rent-credit

[35] https://nau.edu/coronavirus/

[36] http://news.nau.edu/wordpress/wp-content/uploads/2020/03/March-12.pdf

[37] http://news.nau.edu/wordpress/wp-content/uploads/2020/03/March-16_students.pdf

[38] https://nau.edu/coronavirus/

70.    Northern Arizona University did not offer any refund for tuition or Mandatory Fees.

71.    The Universities have not held any in-person classes since mid-March 2020. Classes that have continued since that time have only been offered in a remote online format with no in-person instruction or interaction.

72.    The Universities have also expanded the remote online learning for the Summer 2020 semester, with the potential to carry forward into the Fall 2020 semester.

### *The Universities Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the Universities to Receive by Paying Tuition and Fees*

73.    Students attending the Universities Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in the Universities in-person educational program.

74.    Students had the option to enroll in the Universities online program, which would have cost less, but chose not to.

75.    On their website, the Universities markets its on-campus experience as a benefit of enrollment by stating:



Study in the #3 best college town in the nation.
Be inspired to create, explore, and see the world in a whole new way. 39

# The NAU experience

Our campus is lively year round, which means you'll have your pick of countless adventures. Four distinct, stunning seasons and a ton of options to live, play, and work on campus enrich your NAU experience and ensure these years will be some of the best of your life. 40

# Imagine yourself here

As an ASU student you'll have exceptional opportunities to meet new people, travel to far away places, explore new subjects and discover all that learning has to offer. And since you'll be in or near the nation's fifth-largest city with some of the most beautiful weather you could ask for, you can enjoy professional sporting events, arts and culture, outdoor life, and take advantage of the close proximity to major employers. ASU and the Phoenix area really do have it all.

41

---

39 https://nau.edu/about/
40 https://nau.edu/campuses/flagstaff-mountain-campus/
41 https://admission.asu.edu/campus-life



"I chose to come to ASU because the second that I toured the campus, I just felt so in love. After visiting multiple campuses, it was indisputable that ASU was the most beautiful, the one that cared about it's students the most, was going to take care of me, and is a place where I would feel proud to be a graduate."

**Bonnie G.**
Biochemistry major from Peoria, Ariz.

42







*"I think the close proximity of interesting or fun things to do around the city is what makes Tucson a great college town."*

**CECI | THE LOCAL**

**Tucson, Arizona**



44

---

[42] *Id.*
[43] https://www.arizona.edu/student-life/campus
[44] https://www.arizona.edu/student-life/tucson

76.     The online learning options being offered to the Universities' students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.  When asked about online classes, Arizona State University senior Jaycie Seta stated, "[my professors] understand that this isn't the way that we wanted this class to be, ever." She continued, "[t]hat's not what we signed up for. I can definitely tell, especially with myself, that I've lost interest in the class."[45]

77.     During the online portion of the Spring 2020 semester, the Universities offered some classes through Zoom. Other classes, however, stopped providing the students with any lectures at all and required that the students learn on their own and turn in assignments when due.  Therefore, there was a significant lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development and keeping the class entertaining. As Arizona State University student Derek Baranski put it, "[t]he reality is some student don't learn as well in these environments."[46]

78.     The online formats being used by the Universities do not require memorization or the development of strong study skills given the absence of any possibility

---

[45] Vandana Ravikumar, "The stolen semester" https://www.statepress.com/article/2020/05/specho-senior-year-ends-with-criticism-unanswered-questions, May 11, 2020 (last accessed June 10, 2020).
[46] Grace Liberman, "Students, faculty clash with University on ASU-wide pass/fail policy" https://www.statepress.com/article/2020/04/sppolitics-asu-pass-fail-covid-19, April 15, 2020 (last accessed June 10, 2020).

of being called on in class and the ability to consult books and other materials when taking exams.

79.     Further, the ability to receive a Pass/Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

80.     Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

81.     Access to facilities such as class rooms, libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the Universities can charge the tuition it charges, but are not being provided.

82.     The Universities have not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to subpar on-line distance learning.

83.     Nor have the Universities refunded the Mandatory Fees it collected from Plaintiff and the members of the Class for the Spring 2020 semester even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

84.     The Universities have also either failed to provide a refund of housing and dining, provided a refund in the form of credit for an inadequate amount, provided a refund

in the form of credit for students who can only move out by a certain date, or a mix of those options.

85.     Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester for the remaining days of the semester after classes moved from in-person to online and facilities were closed or severally limited. Further, students who lived on campus during the Spring 2020 semester should be entitled to an appropriate pro-rata refund for housing and dining for the remaining days of the semester after they left campus.

86.     Class members who are paying and will continue to pay tuition and Mandatory Fees for the Summer 2020 semester and any future semester in which in-person education is not provided should be entitled to an appropriate refund for the decrease in value in the education provided.

### *In Response to the COVID-19 Pandemic, the Universities Seized Plaintiff's and the Class Members' Property Without Notice or Due Process.*

87.     When Defendant elected to seize Plaintiff's and the Class members' property, they did so without notice or due process.

88.     The Takings Clause of the Fifth Amendment, through the Fourteenth Amendment, prohibits states from taking private property for public use without just compensation.

89.     Core common law property rights that predate the Constitution are protected by the Takings Clause.

90.     For hundreds of years, the common law has recognized that there is a property right by an owner in funds held in an account managed by another.

91.     The common law rule is that when monies are paid in anticipation of receiving some service, but circumstances thereafter render it impossible for those services to be provided, the recipient is precluded from unjustly enriching themselves by seizing and retaining the proceeds.

92.     Based on these common law rules protected by the Constitution, Plaintiff and the Class have a protected property right in all sums they paid to the Universities for which they received nothing, or significantly less than what they bargained for, in return.

93.     Defendant elected to seize Plaintiff and the Class members' property under the color of state law, without notice or due process, which failure to provide the same violates due process standards set forth in the Arizona and United States Constitution.

94.     Defendant is obligated to uphold the Arizona and United States Constitutions.

95.     No statute, rule, or practice could authorize Defendant to withhold that property from Plaintiff and the Class without violating the Takings Clause of the Fifth Amendment.

96.     Defendant's conduct violated the Arizona Constitution, Article II, §§ 4 and 17, and the United Stated Constitution's Fifth and Fourteenth Amendments.

97.     Plaintiff and the Class members' property remains in Defendant's possession and can readily be returned upon Defendant's directing the Universities to do so.

98.     Plaintiff has never made a knowing and voluntary waiver of his constitution

rights to be paid just compensation for the taking of his property right in those funds.

**CLASS ACTION ALLEGATIONS**

99.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal

Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid tuition, housing, dining and/or the Mandatory Fees for
> a student to attend in-person class(es) during the Spring 2020 semester,
> Summer 2020 semester, and any future semester at the University of Arizona,
> Arizona State University, or Northern Arizona University, but had their
> class(es) moved to online learning (the "Class").

100.     Excluded from the Class is Defendant, its subsidiaries and affiliates, its

officers, directors and members of their immediate families and any entity in which

Defendant has a controlling interest, the legal representative, heirs, successors or assigns

of any such excluded party, the judicial officer(s) to whom this action is assigned, and the

members of their immediate families.

101.     Plaintiff reserves the right to modify or amend the definition of the proposed

Class if necessary before this Court determines whether certification is appropriate.

102.     This action has been brought and may properly be maintained on behalf of

the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil

Procedure.

103.     The requirements of Rule 23(a)(1) have been met.  The Class is so numerous

that joinder of all members is impracticable.   Although the precise number of Class

members is unknown to Plaintiff, the Universities have reported that collectively 196,605

students were enrolled for the 2019-2020 academic year. The number of Summer 2020

students and future semester enrollment is unknown at this time. The identity of all such students is known to the Universities and can be identified through the Universities' records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

104.    The requirements of Rule 23(a)(2) have been met.  There are questions of law and fact common to the members of the Class including, without limitation:

    a.   Whether the Universities accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as access to certain facilities and services throughout the Spring 2020 semester;

    b.    Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after mid-March, 2020;

    c.   Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March, 2020;

    d.   Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to issue appropriate pro-rated refunds of fees paid for housing and dining and who moved out prior to the end of the Spring 2020 semester;

e.  Whether Defendant is unjustly enriched by retaining a portion of the tuition, housing, dining and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

f.  Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition, housing, dining and Mandatory Fees paid by Plaintiff and the Class;

g.  Whether Defendant complied with the Constitutional requirements for seizing and retaining Plaintiff's and the Class members' property without providing the services that the tuition, housing, dining, and Mandatory Fees were intended to cover;

h.  Whether Defendant afforded Plaintiff and the other Class notice and due process before seizing and retaining their property; and

i.  The amount of damages and other relief to be awarded to Plaintiff and the Class members.

105.  The requirements of Rule 23(a)(3) have been met.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live

25

education for the tuition they paid, housing (for those who lived on-campus), dining, and access to the services and facilities for the Mandatory Fees that they paid, that the Universities stopped providing in mid-March.

106.    The requirements of Rule 23(a)(4) have been met.  Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

107.    Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the Universities.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of

these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## **FIRST CLAIM FOR RELIEF**

### **BREACH OF CONTRACT**
### **(On Behalf of Plaintiff and the Class)**

108.   Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

109.   Plaintiff brings this claim individually and on behalf of the members of the Class.

110.   By paying the Universities tuition, housing (if living on campus), dining, and the Mandatory Fees for the semester, the Universities agreed to, among other things, provide an in-person and on-campus live education, housing, dining options, as well as access to the services and facilities to which the Mandatory Fees they paid pertained throughout the entire semester.  As a result, Plaintiff and each member of the Class entered into a binding contract with the Universities.

111.   The Universities have failed to provide this contracted for in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during the entire semester.  Defendant has also strongly encouraged students not to utilize housing and dining by recommending they stay away from campus. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

112.    Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the Universities' breach in the amount of the prorated portion of the tuition, housing, dining, and Mandatory Fees they each paid during the remainder of the Spring 2020 semester, Summer 2020 semester, and for any future semesters.

113.    The Universities should return such portions to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 1983

### (On Behalf of Plaintiff and the Class)

114.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

115.    Plaintiff brings this claim individually and on behalf of the other Class members.

116.    The Due Process Clause of the United States Constitution prohibits the State of Arizona and the governmental agencies that it forms, such as the Arizona Board of Regents, from depriving citizens of a protected property interest without due process of law.

117.    Plaintiff and the Class members have a constitutionally protected property interest in the funds given to Defendant and/or the Universities for tuition, housing, dining, and Mandatory Fees for the semester which were earmarked for in-person education, on-campus housing and dining, and services and facilities that were not available to them, due to the COVID-19 pandemic and the Defendant's reaction thereto.

118.    Defendant took action affecting Plaintiff's and the other Class members' constitutionally protected property interests by seizing and retaining the proceeds from Plaintiff's and other Class members' payment of the tuition, housing, dining, and Mandatory Fees.

119.    Defendant deprived Plaintiff and the Class members of their protected property interests without due process of law by:

 a.  Failing to provide timely notice to Plaintiff and the Class, whose identity and contact information Defendant either knew, or by exercise or reasonable diligence should have known, of the refundable nature of the tuition, housing, dining, and Mandatory Fees;

 b.  Failing to design and implement criteria by which the tuition, housing, dining, and Mandatory Fees can be refunded to Plaintiff and the Class in light of the Universities ceasing or severally limiting all on-campus in-person lectures, housing, dining, and activities due to the COVID-19 pandemic; and

 c.  Failing to design and implement a mechanism by which Plaintiff and the other Class can obtain a refund of the tuition, housing, dining, and Mandatory Fees in light of the Universities ceasing or severally limiting all on-campus in-person lectures, housing, dining, and activities due to the COVID-19 pandemic.

120.    Defendant's failure to comply with the requirements of the Due Process Clause of the United States Constitution in the manners outlined above has resulted in substantial detriment to Plaintiff and the Class.

121.    Moreover, pursuant to the Takings Clause of the Fifth Amendment, "private property [shall not] be taken for public use, without just compensation."

122.    The Takings Clause is applicable to the states through the Fourteenth Amendment.

123.    Plaintiff and the Class members' paid the Universities for in-person services and access to facilities and were deprived of the same, all while the Universities retained such funds, which constitutes a taking within the meaning of the Takings Clause.

124.    Defendant's violated the Takings Clause in the Fifth Amendment, applied through the Fourteenth Amendment, by failing to return to Plaintiff and the Class that portion of the tuition, housing, dining, and Mandatory Fees for which they received no, or significantly less than contracted for, benefit.

125.    Neither Plaintiff nor the Class members have made a knowing and voluntary waiver of their constitutional rights under the Fifth Amendment to be paid just compensation for the taking of their property right in those funds.

126.    Plaintiff and the Class are entitled to just and reasonable compensation for the taking of their property.

## THIRD CLAIM FOR RELIEF

### CONVERSION
### (On Behalf of Plaintiff and the Class)

127.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

128.    In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

129.    Plaintiff and members of the Class have a right to the services, facilities, housing, dining and face to face instruction that was supposed to be provided in exchange for their payments of tuition, housing, dining, and Mandatory Fees to the Universities. In the alternative, should those services, facilities, housing, dining, and face to face instruction not be provided, Plaintiffs and members of the Class have a right to be reimbursed pro-rated tuition, housing, dining, and Mandatory Fees.

130.    The Universities intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition, housing, dining, and Mandatory Fees paid by Plaintiff and the Class.

131.    Class members demanded the pro-rata return of their tuition, housing, dining, and Mandatory Fees for the period of time in the semester when the Universities switched to remote online learning, encouraged students to stay off campus, and stopped providing the services for which the Mandatory Fees were intended to pay.

132.    The Universities' retention of the tuition, housing, dining, and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition, housing, dining and Mandatory Fees were paid.

133.    The Universities' interference with the services for which Plaintiff and the Class paid harmed Plaintiff and the Class in that the Universities have retained monies that rightfully belong to the Plaintiff and Class.

134.    The Universities intend to permanently deprive Plaintiff the Class of these funds.

135.    The Universities have wrongfully converted these specific and readily identifiable funds.

136.    Plaintiff and the Class are entitled to the return of the remaining pro-rated amounts of tuition, housing, dining, and Mandatory Fees for the remainder of the Spring 2020 semester, the entirety of the Summer 2020 semester, and for any future semesters.

## FOURTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

137.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

138.    In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

139.    Plaintiff and members of the Class conferred a benefit on the Universities in the form of tuition, housing (if living on campus), dining, and Mandatory Fees paid for the semester. The payment of the tuition, housing, dining, and Mandatory Fees were to be in exchange for an in-person and on-campus live educational experience, housing and dining

options, and for services and facilities to which the Mandatory Fees pertained throughout the entire semester.

140.    The Universities have retained the full benefit of the tuition, housing, dining and Mandatory Fees payments by Plaintiff and the members of the Class for the semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and full access to the Universities services and facilities.  The Universities have also discouraged students from living in housing, and therefore, discouraged the utilization of meal plans.

141.    The Universities' retention of the portion of the tuition, housing, dining, and Mandatory Fees during the period of time the Universities moved to a remote online education program, encouraged students to stay off campus, out of housing and away from dining facilities, and closed or limited access to services and facilities, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education, housing and dining options, and access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.

142.    Accordingly, the Universities should return the prorated portion of the tuition, housing, dining, and Mandatory Fees that Plaintiff and the Class members each paid during the remainder of the Spring 2020 semester, the entirety of the Summer 2020 semester, and any future semesters.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)      For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

(e)     Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f)     Awarding pre- and post-judgment interest on any amounts awarded; and,

(g)     Awarding such other and further relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Dated: June 17, 2020                                Respectfully submitted,


                                                    /s/ *Clifford P. Bendau, II*

                                                    **BENDAU & BENDAU PLLC**
                                                    Clifford P. Bendau, II (AZ No. 030204)
                                                    Christopher J. Bendau (AZ No. 032981)
                                                    P.O. Box 97066
                                                    Phoenix, Arizona 85060
                                                    Telephone AZ: (480) 382-5176
                                                    Fax: (480) 304-3805
                                                    Email: cliffordbendau@bendaulaw.com
                                                         chris@bendaulaw.com

                                                    /s/ *James L. Simon*

                                                    **THE LAW OFFICES OF SIMON & SIMON**
                                                    James L. Simon (*Pro Hac Vice Forthcoming*)
                                                    5000 Rockside Road, Suite 520
                                                    Independence, OH 44131
                                                    Telephone: (216) 525-8890
                                                    Facsimile: (216) 642-5814
                                                    Email: james@bswages.com


                                                    s/ *Gary F. Lynch*

                                                    Gary F. Lynch (*Pro Hac Vice Forthcoming*)
                                                    Edward W. Ciolko (*Pro Hac Vice Forthcoming*)

                                                    **CARLSON LYNCH LLP**
                                                    1133 Penn Avenue
                                                    5th Floor
                                                    Pittsburgh, PA 15222
                                                    P (412) 322-9243
                                                    F. (412) 231-0246
                                                    E. glynch@carlsonlynch.com
                                                       eciolko@carlsonlynch.com


                                                    *Counsel for Plaintiff and Proposed Class*